IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DORINDO ESQUIVEL LOPEZ,         )
                                )
              Petitioner,        )
                                )
     v.                          )      1:15CV127
                                )
T. McKOY,                        )
                                )
                                )
              Respondent.        )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Docket Entry 2.) Respondent has filed a Motion to Dismiss on Statute of Limitations Grounds (Docket Entry 5) and Initial Answer (Docket Entry 4). Petitioner was notified (Docket Entry 7) of his right to reply to the Respondent's Motion to Dismiss (Docket Entry 5) but no reply was forthcoming.

## Background

On May 13, 2005, Petitioner was found guilty after a jury trial in Superior Court, Forsyth County of first-degree sexual offense against a child under thirteen years of age, and taking indecent liberties with a child. (Docket Entry 2, §§ 1-6.) He was sentenced to consecutive terms of 226-281 and 14-17 months of imprisonment. (*Id.*) On May 16, 2006, the North Carolina Court of Appeals found no error in Petitioner's convictions. *State v. Esquivel-Lopez*, 177 N.C. App. 565 (2006). The North Carolina Supreme Court denied

---

[1] In addition to his Petition, Petitioner has filed a supporting memorandum. (Docket Entry 2, Attach. 1 at 20.)

Petitioner discretionary review on August 17, 2006. *State v. Esquivel-Lopez*, 360 N.C. 579 (2006). Petitioner did not seek further review with the Supreme Court of the United States. (Docket Entry 2, § 9(h).)

Petitioner next filed a motion for DNA testing on March 25, 2009, in Superior Court, Forsyth County, which was denied August 31, 2009. (Docket Entry 2, Attach. 3 at 13-16.) Petitioner's first Motion for Appropriate Relief ("MAR") was filed on October 17, 2011 in the same court and was denied on November 11, 2011. (*Id.*, Attach. 1 at 66-67.) Petitioner's second MAR was filed October 2, 2012 in the same court and was denied on March 5, 2013. (*Id.*) Petitioner's third MAR was filed in the same court on August 6, 2014 and was denied on November 18, 2014. (*Id.* at 33-86.) On December 22, 2014, Petitioner filed a petition for writ of certiorari with the North Carolina Court of Appeals, which was denied on January 8, 2015. (*Id.* at 35-86 and *id.* Attach. 2 at 59.) Petitioner signed the instant petition on January 27, 2015 and it was filed on February 2, 2015. (Docket Entry 2.)

### Petitioner's Claims

Petitioner contends: (1) "untimely disclosure of *Brady* materials denied the Petitioner due process of law pursuant to the Fifth and Fourteenth amendments"; (2) "[t]he trial court erred by allowing testimony in conflict with the victim's testimony"; (3) he "was denied effective assistance of counsel"; and (4) the "[e]vidence at trial renders Petitioner 'actually innocent.'" (Docket Entry 2, Grounds One through Four.)

### Discussion

Respondent requests dismissal on the ground that the Petition was filed beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). (Docket Entry 5.) In order to

2

assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period *begins to run from* the latest of several potential starting dates:
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added). The record does not reveal any basis for concluding that subparagraphs (B)-(D) of § 2244(d)(1) apply here.[2]

Under subparagraph (A), Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Court must therefore ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying

---

[2] Petitioner, without explanation, invokes subparagraph (D) in his supporting memorandum, but it is not applicable here because all of the factual predicates to Petitioner's current claims were known, or should have been known, to him by the completion of direct review. (Docket Entry 2, Attach. 1 at 4.) For example, by his own account, Petitioner, knew of the "*Brady* material" (a medical report from a "Dr. Sinai") prior to trial. (*Id.* at 10, 14.)

3

conviction(s) ended. Here, Petitioner's convictions became final in November of 2006; that is, 90 days after the August 17, 2006 decision of the Supreme Court of North Carolina declining to review Petitioner's case further. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." (internal citations omitted)); *see also* Sup. Ct. R. 13.1 (allowing petitioners 90 days after highest state appellate court's denial to file for writ of certiorari). Petitioner's year to file thus began to run in November 2006 and, absent tolling of some form, was set to expire one year later in November 2007. Petitioner did not file the instant Petition until, at the earliest, January of 2015; consequently, the instant action is more than seven years late.

The undersigned notes that the instant action would have been subject to statutory tolling if Petitioner had a properly filed post-conviction petition pending in state court during the one-year limitations period. 28 U.S.C. § 2244(d)(2); *see Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999) (state collateral filings generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)"). However, statutory tolling does not apply here because none of Petitioner's state post-conviction proceedings were pending during the limitations period. In other words, Petitioner's time to file in this Court expired before he made any state court filings. Filings made after the limitations period has ended do not revive or restart it. *Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000). None of Petitioner's state filings were made prior to the expiration of the limitations period in November of 2007.

4

Petitioner does not dispute the foregoing time-line. Instead, he argues in section eighteen of his Petition that the statute of limitations does not bar his claim even though his conviction became final more than one year ago because he is actually innocent of the crimes for which he was convicted. (Docket Entry 2, § 18.) It is true that relatively recently, the Supreme Court recognized in *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to the relevant time limitation. However, to establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see McQuiggin*, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Here, Petitioner has done no more than assert in a conclusory manner that he is innocent, which is insufficient to satisfy this exception. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). In the end, his Petition was filed out of time, and Respondent's Motion to Dismiss should be granted. An evidentiary hearing in this matter is not warranted.[3]

---

[1] The doctrine of equitable tolling also applies to the time bar set forth in Section 2244. *See Holland v. Florida*, 560 U.S. 631, 648 (2010). Equitable tolling may excuse an untimely filing when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Beyond asserting his meritless actual innocence claim, however, Petitioner has not made any equitable tolling argument and none is apparent on the face of the pleadings.

5

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 5) be **GRANTED**, that the Petition (Docket Entry 2) be **DISMISSED**, and that Judgment be entered dismissing this action.

December 14, 2015

Joe L. Webster
United States Magistrate Judge